**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PHYLLIS A. ACORD,
Plaintiff-Appellant,

v.

No. 95-3040

SHIRLEY S. CHATER, COMMISSIONER OF
SOCIAL SECURITY,
Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Elizabeth V. Hallanan, District Judge.
(CA-94-713-5)

Submitted: November 5, 1996

Decided: January 30, 1997

Before WILKINS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Belinda S. Morton, Fayetteville, West Virginia, for Appellant. Charlotte Hardnett, Chief Counsel, Region III, Victor Jerry Pane, Assistant Regional Counsel, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Rebecca A. Betts, United States Attorney, Carol A. Casto, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Phyllis Acord appeals the district court's decision accepting the report of the magistrate judge and finding that Acord was not entitled to social security disability benefits from January 23, 1990, until March 31, 1990, the date her insured status expired. We have carefully reviewed the briefs and other material before us. We conclude that substantial evidence supports the Secretary's decision that Acord did not meet her burden of showing that her condition worsened after January 22, the date of a previous final disability adjudication adverse to Acord, to the point that she was unable to return to her past work as a police dispatcher.

Further, to the extent that Acord requested reopening of the prior adjudication, the refusal to reopen that decision is not reviewable under either the Administrative Procedure Act or 42 U.S.C. § 405(g) (1994). Califano v. Sanders, 430 U.S. 99, 104-109 (1977). Additionally, the questions of reopening and the res judicata effect of the prior decision were not raised before the Appeals Council or in the district court, and we will therefore not consider them here. Pleasant Valley Hosp., Inc. v. Shalala, 32 F.3d 67, 70 (4th Cir. 1994). Finally, Acord's failure to object to the magistrate judge's refusal to consider the period through January 22, 1990, waives her right to appellate review of the matter. See Thomas v. Arn, 474 U.S. 140, 147-48 (1985).

We dispense with argument because our review of the material before us reveals that argument would not aid the decisional process. The judgment is affirmed.

AFFIRMED

2